UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3035-BO

| | |
|---|---|
| EDWARD SHAWN MINNICK,<br>Plaintiff,<br><br>v.<br><br>DENNIS ROWLAND, et al.,<br>Defendants. | )<br>)<br>)<br>)     O R D E R<br>)<br>)<br>) |

Edward Shawn Minnick is a North Carolina prisoner who has been in the custody of the Department of Correction ("DOC") since February 22, 2000. On March 25, 2010, he filed a civil rights action pursuant to 42 U.S.C. § 1983. Now before the court are multiple motions filed by plaintiff. These motions are as follows: two motions to appoint counsel (D.E. # 18 and # 24), a motion for entry of default (D.E. # 22), a motion to clarify a misunderstanding (D.E. # 25), a motion for disciplinary proceeding (D.E. # 26), a motion requesting documentary evidence (D.E. # 55), a motion for production of documents (D.E. # 58), and a motion for leave to request more time for discovery (D.E. # 59). The matters are ripe for ruling.

i.     Appointment of Counsel (D.E. # 18 and # 24)

There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Minnick has asserted straightforward claims, and the case does not appear to present exceptional circumstances. The motions are denied (D.E.# 18 and # 24).

ii.   Motion for Entry of Default (D.E. # 22)

Next, the court addresses the motion for default judgment (D.E. # 22). An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). On May 4, 2011, plaintiff sought an entry of default because defendants had not answered the complaint. However, as of that date, only defendants Addington and Reid had been properly served. Counsel for these two defendants timely filed a notice of appearance and requested an extension of time in which to answer. The extension was allowed. As of May 4, 2011, the other three defendants had not been served. In fact, summonses for these three defendants were not returned executed until September 15 and 16, 2011. The motion is DENIED (D.E. # 22).

iii.   Motion for Clarification (D.E. # 25)

On May 19, 2011, plaintiff filed a motion seeking to clarify that a filing he made on December 28, 2010, was not a motion to amend, but an additional copy of the original complaint. The motion is ALLOWED (D.E. # 25).

iv.   Motion for Disciplinary Proceeding (D.E. # 27)

On May 19, 2011, plaintiff also filed a motion seeking a disciplinary proceeding against Phillip J. Griffin pursuant to Rule 83.7 of the Eastern District's Local Rules for Civil Procedure. Phillip J. Griffin conducted the investigation of the claim as ordered by this court. (See D.E. # 11, 12, and 17).

> NCPLS is a program which provides limited civil representation to North Carolina inmates. See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd[,] 813 F.2d 1299 (4th Cir. 1987). Attorneys with NCPLS are at liberty to use their professional judgment to determine whether to accept representation in a case. The "meaningful access" referred to in Bounds, in no way entitles a plaintiff to total or unlimited access. See High v. Hamden, No. 03-7832 (E.D.N.C. Dec. 2, 2003)[,] aff'd [per curiam,] 88 Fed. Appx. 604 (4th Cir. Feb. 23, 2004); Kness v. Sondalle, 725 F. Supp. 1006, 1007 (E.D. Wis. 1989). Despite plaintiff's claim to the contrary, NCPLS's

declining to accept representation in plaintiff's case does not give rise to a constitutional violation.

Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005) (unpublished), aff'd, 133 F. App'x 913 (4th Cir. 2005) (per curiam) (unpublished). Phillip J. Griffin represented to the court that he conducted a factual investigation of the claim and representation was not warranted. Plaintiff has not shown probable cause to have such a disciplinary proceeding undertaken. The motion is DENIED. (D.E. # 27).

    v.    Discovery Motions (D.E. # 55, # 58, and # 59)

Plaintiff's motions seek general discovery in his case. "As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Under Rule 56(d), a court may delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); Nader v. Blair, 549 F.3d 953, 961-62 (4th Cir. 2008); White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004). "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, No. DKC 08-2586, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" Scott v. Nuvell Fin. Servs., No. JFM-09-3110, 2011 WL 2222307, *4 (D. Md. June 7, 2011). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a

genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995).

Here, defendants have provided a substantial amount of discovery in the motions to dismiss and seek qualified immunity. A ruling on a defendant's claim of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see Harlow v. Fitzgerald, 457 U.S. 800, 817–18 (1982). Accordingly, defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery. See, e.g., Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987); Harlow, 457 U.S. at 817–18; Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished). Therefore, the motions for discovery found at D.E. # 58 and # 59 are DENIED.

The court shall ALLOW the motion for copies of grievance number 3980-09-0706. Plaintiff states that he sent the original copies and was unable to retain any copies of the grievance. In an abundance of caution and to expedite this litigation, the Clerk is directed to return the original paper grievance information which can be found at D.E. # 6-4 pages 43, 44, 45, 46 along with this order. Furthermore, the extension of time is ALLOWED and plaintiff's response is due February 24, 2012.

In conclusion, the motions for appointment of counsel are DENIED (D.E. # 18 and # 24); the motion for entry of default is DENIED (D.E. # 22); the motion to clarify a misunderstanding is ALLOWED (D.E. # 25); the motion for disciplinary proceeding is DENIED (D.E. # 26); the motion requesting documentary evidence is ALLOWED as set out in the above paragraph (D.E. # 55); the motion for production of documents is DENIED (D.E. # 58); and motion for additional discovery is

DENIED, however, plaintiff is given until February 24, 2012 to respond to the pending motion to dismiss (D.E. # 59).

SO ORDERED, this 31 day of January 2012.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE