UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3035-BO

EDWARD SHAWN MINNICK,               )
    Plaintiff,                  )
                                    )
v.                                  )      O R D E R
                                    )
DENNIS ROWLAND, et al.,             )
    Defendants.                 )

On March 25, 2010, plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. On December 28, 2010, the undersigned allowed the matter to proceed after a frivolity review. 28 U.S.C. § 1915. On June 27, 2011, a motion to dismiss was filed by defendants Kenneth Addington and Morris Reid. (D.E. 3 30). On December 30, 2011, a motion to dismiss was filed by defendants B.C. Barzilay, Dennis Rowland, and J.L. Swart. Plaintiff filed several motions for extensions of time to respond to the motion to dismiss and the response time has not yet run. However, on February 9, 2012, plaintiff filed a motion for voluntary dismissal without prejudice. The matter is ripe for determination.

An action may be dismissed voluntarily by a plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise, an action shall not be dismissed on the plaintiff's request except upon order of the court. See Fed. R. Civ. P. 41(a)(2).

Plaintiff filed this case under 42 U.S.C. § 1983, and at this juncture, all defendants have filed motions to dismiss, but no answer or motion for summary judgment has been filed. (see Docket Sheet) Thus, plaintiff is entitled to a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i). See In re Bath and Kitchen Fixtures Anti-trust Litigation, 535 F.3d 161, 165 (3rd Cir. 2008); Finley Lines Joint Protective Bd. Unit 200, Brotherhood Railway Carmen, A Division of Transportation

Communications Union v. Norfolk Southern Corp., 109 F.3d 993, 997 (4th Cir. 1997) (an answer or motion for summary judgment must be filed and a motion to dismiss filed alone does not satisfy the language of Rule 41(a)(1)(A)(i)); Sachs v. Snider, 631 F.2d 350 (4th Cir. 1980) (a motion to dismiss alone does not constitute a responsive pleading).

Therefore, plaintiff's Motion for Voluntary Dismissal without prejudice is ALLOWED (D.E. 61) as to all defendants. Thus, the pending motions to dismiss (D.E. # 30 and # 51) are DENIED as MOOT, and the case is DISMISSED WITHOUT PREJUDICE. The case is CLOSED.

SO ORDERED, this 9 day of February 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE